## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| YEN T. NGUYEN, <br> CANH QUY NGUYEN, <br><br> Plaintiffs, <br><br> v. <br> _____ <br><br> MERRICK GARLAND, <br> U.S. Attorney General, <br> ALEJANDRO MAYORKAS, <br> Secretary of U.S. Department of <br> Homeland Security, <br> UR MENDOZA JADDOU, Director <br> U.S. Citizenship and Immigration <br> Services, <br> CHRISTOPHER WRAY, Director <br> Federal Bureau of Investigation, <br> MICHAEL VALVERDE, Associate <br> Director, Field Operations Directorate <br> LYNUEL W. DENNIS, Director <br> Memphis Field Office <br><br> Respondents. | Case No.:   23-cv-2646 |

### COMPLAINT FOR THE WRIT OF MANDAMUS

Plaintiffs, YEN T. NGUYEN and CANH QUY NGUYEN, by and through their attorneys, now ask this court to issue the Writ of Mandamus commanding the Respondents to take action as set forth in this Complaint, and allege the following:

# INTRODUCTION

1. This is a civil action brought by Plaintiffs to compel Respondent agencies and officers of the United States to adjudicate Form I-130, Petition for Alien Relative and Form I-485, Application to Adjust Status (hereinafter together referred to as the "Applications"), filed with U.S. Citizenship and Immigration Services (hereafter "USCIS").

2. Plaintiffs' Applications are ripe for adjudication.

3. Respondents are charged by law with the statutory obligation to adjudicate the Applications.

4. <u>The Applications have now been pending for over 4 years</u>, since July 17, 2019.

5. Having no other adequate remedy to obtain that right, Plaintiffs brings this action to compel Respondents to perform their duties as required by law.

# JURISDICTION AND VENUE

6. This is a civil action brought pursuant to 28 U.S.C. § 1361, The Mandamus Act, granting federal district courts with jurisdiction to compel an officer of the United States to perform a duty owed to the plaintiff.

7. This action is also brought pursuant to 5 U.S.C. § 555(b) and 5 U.S.C. § 702, the Administrative Procedures Act ("APA"), which requires government agencies to conclude matters within a reasonable time and allows persons

suffering legal wrong due to agency action or inaction to seek judicial review. 5 U.S.C. § 706(1) authorizes federal courts "to compel agency action unlawfully withheld or unreasonably delayed." Jurisdiction is conferred by 28 U.S.C. § 1331, which provides federal district courts with subject matter jurisdiction (federal question jurisdiction).

8. Venue is proper under 28 U.S.C. § 1391(e) because this is an action against officers and agencies of the United States in their official capacities, brought in the district where Plaintiffs reside. Many of the events or omissions giving rise to the claim occurred in this judicial district and no real property is involved in this action.

## PARTIES

9. Plaintiff YEN T. NGUYEN is a United States citizen. She filed an I-130 petition pro se with USCIS to classify her husband as an alien relative (immediate relative/spouse) of a U.S. citizen. She is a resident of the State of Tennessee and resides in Shelby County.

10. Plaintiff CANH QUY NGUYEN is a citizen and foreign national of Vietnam. He is married to Yen T. Nguyen. He is a resident of the State of Tennessee and resides in Shelby County with his spouse. Mr. Nguyen filed an I-485 application pro se with USCIS to adjust his status to that of a lawful permanent resident.

11. MERRICK GARLAND is the Attorney General of the United States. He is charged with the administration and enforcement of the country's immigration laws. 8 U.S.C. § 1103 (a). He is sued in his official capacity.

12. ALEJANDRO MAYORKAS is the Secretary of DHS. He is charged with any and all responsibilities and authority in the administration of the DHS as have been delegated or prescribed by the Attorney General. He is sued in his official capacity.

13. UR MENDOZA JADDOU is the Director of USCIS. She is charged with any and all responsibilities and authority in the administration of the USCIS as have been delegated or prescribed by the Attorney General. She is sued in his official capacity.

14. CHRISTOPHER A. WRAY is the Director of the Federal Bureau of Investigation (FBI). He is charged with any and all responsibilities and authority in performing security background checks for immigration applicants. He is sued in his official capacity.

15. MICHAEL VALVERDE is the Associate Director of the Field Operations Directorate. The Field Operations processes and makes decisions on various immigration applications, petitions, and requests. Mr. Valverde oversees all 88 field offices, including the Memphis Field Office where Plaintiffs' Applications are last known to be pending. He is sued in his official capacity.

16. JERRY L. ADDISSON is the Director of the Memphis Field Office. He is responsible for managing the operations at this Field Office location. The Memphis Field Office conducts interviews and adjudicates petitions and applications such as the ones filed by Plaintiffs. He is sued in his official capacity.

## STATEMENT OF FACTS

17. Plaintiff, Yen T. Nguyen, is a naturalized U.S. citizen. She filed Form I-130 Petition pro se with USCIS on July 17, 2019 to classify her husband as an immediate relative (spouse). **Exhibit A**, *Form I-130 Receipt Notice* (all exhibits are directly attached to this pleading).

18. Plaintiff, Canh Quy Nguyen, is a citizen and foreign national of Vietnam. He is married to Yen T. Nguyen. He filed Form I-485 application pro se to adjust his status to that of a lawful permanent resident. **Exhibit B**, *Form I-485 Receipt Notice*.

19. On January 28, 2020, Plaintiffs went to the Memphis field office for their I-130/I-485 interview. **Exhibit C**, *I-485 Interview Notice.*

20. Plaintiffs, through the undersigned attorney, has made at least one online inquiry with USCIS on April 24, 2023, but no response has been given. **Exhibit D**, *Copy of Inquiry Request Receipt.*

21. Under the law, USCIS has a non-discretionary duty to adjudicate I-130 Petitions and I-485 Applications within a reasonable period of time. These Applications are the means by which married couples seek to classify their

spouses as immediate relatives and allow them to apply for permanent resident status in the United States.

22. According to the most recent USCIS case processing report for the Memphis Field Office, the processing time for marriage-based I-485 Applications is 20.5 months (1 year and 8.5 months).  **Exhibit E,** *Copy of Processing Times for Form I-485.*

23. The estimated time period for the Memphis Field Office to process I-485 Applications for spouses of U.S. citizens is excessive.  It represents a failure on behalf of the Respondents to perform the duties owed to the Plaintiffs by adjudicating these Applications within a reasonable amount of time.  In addition, the Memphis Field Office has exceeded its own estimated time period to process the Plaintiffs' I-130 Petition and I-485 Application, which is another violation of their duty to adjudicate applications in a timely manner.

24. As a result of the delay, Respondents have deprived Plaintiff Yen T. Nguyen of her ability to classify her husband, Canh Quy Nguyen, as an alien relative, specifically as the spouse of a U.S. citizen (immediate relative) pursuant to INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i), and allowing him to apply for lawful permanent resident status.

25. Furthermore, due to the delay, Plaintiff Canh Quy Nguyen has not been able to visit his elderly parents and six-year-old child who are still in Vietnam.

26. Upon information and belief, there is no legitimate reason for the excessive delay in adjudicating Plaintiffs' Applications. Plaintiffs have submitted all required documents to USCIS.  Therefore, they are entitled to have their Applications adjudicated now.

27. The Respondent government agencies and officers named in this Complaint have adequate resources to perform their duties in a reasonable time, including the duties that must be performed in adjudicating I-130 Petitions and I-485 Applications, such as the ones submitted by Plaintiffs.

28. The failure of the Respondents to perform the duties owed to Plaintiffs and adjudicate their Applications within a reasonable period of time has caused substantial and significant hardship to Plaintiffs.

29. Plaintiffs have exhausted their administrative remedies and therefore file the present Writ.

## CAUSES OF ACTION

## COUNT I – MANDAMUS ACT

30. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

31. The Mandamus Act, 28 U.S.C. § 1361, provides the federal district courts with jurisdiction to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiffs.

32. Respondents have a clear duty to adjudicate Plaintiffs' Applications since USCIS charges filing fees for both the I-130 Petition and I-485 Application to recover its operating costs to provide services.

33. Plaintiffs paid filing fees to USCIS in July 2019 upon filing their I-130 Petition and I-485 Application.

34. Respondents have violated their duty to Plaintiffs by failing to adjudicate the Applications. Respondents' violation of their duty to Plaintiffs has deprived Plaintiff Yen T. Nguyen of her ability to classify her husband as an alien relative, specifically as the spouse of a U.S. citizen (immediate relative) pursuant to INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151 (b)(2)(A)(i), and allowing him to apply for lawful permanent resident status.

35. Furthermore, due to the delay, Plaintiff Canh Quy Nguyen has not been able to visit his elderly parents and six-year-old child who are still in Vietnam.

36. As a result, Plaintiffs have suffered irreparable harm and damages entitling them to injunctive and other relief.

## COUNT II – ADMINISTRATIVE PROCEDURES ACT

37. The Administrative Procedures Act, 5 U.S.C. § 555(b), requires government agencies to conclude matters within a reasonable time.

38. Respondents have a non-discretionary duty to adjudicate Plaintiffs' Applications within a reasonable time. The current posted processing time for

marriage-based I-485 Applications is 20.5 months. Respondents have now exceeded their own processing time frame as Plaintiffs have waited for more than 4 years (over 48 months).

39. As a result, Plaintiffs have been prejudiced by the delay. Mrs. Nguyen has been unable to classify her husband classified as an alien relative, which allows Mr. Nguyen to obtain lawful permanent resident status. Furthermore, Mr. Nguyen has not been able to visit his elderly parents and six-year-old child who are still in Vietnam.

40. By failing to act on Plaintiffs' Applications, Respondents have unlawfully withheld and unreasonably delayed agency actions under 5 U.S.C. §§ 702 and 706(1), authorizing this Court to compel Respondents to act.

41. Respondents' practices, policies, conducts, and failure to act as alleged herein violate, inter alia, the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706, because agency action is unlawfully withheld or unreasonably delayed under § 706(1).

42. As a result, Plaintiffs have suffered irreparable harm and money damages entitling them to injunctive and other relief.

## COUNT III - FIFTH AMENDMENT

### The Due Process and Equal Protection Clauses

43. Plaintiffs incorporate the preceding paragraphs as if set forth in full herein.

44. Respondents' practices, policies, conducts, and failure to act as alleged herein violate Plaintiffs' rights to due process and equal protection of law protected by the Fifth Amendment to the United States Constitution.

45. As a result, Plaintiffs have suffered irreparable harm and damages and their happiness and livelihood have been placed in serious jeopardy due to the failure to process their I-130 Petition and I-485 Application.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs YEN T. NGUYEN and CANH QUY NGUYEN pray this Court for the following relief:

A. Grant Plaintiffs' request for a Writ of Mandamus against Respondents;

B. Order Respondents, jointly and severally, to adjudicate Plaintiffs' I-130 Petition and I-485 Application no later than 30 days after entry of such order;

C. Retain jurisdiction of this action for purposes of enforcing the orders issued by the Court;

D. Award Plaintiffs attorneys' fees and costs pursuant to 28 U.S.C. § 2412 and any other applicable statutory, common law, or Constitutional provision; and

E. Grant Plaintiffs any such other relief as this Court deems just and proper at law and in equity.

Date: October 12, 2023  Respectfully submitted,

*/s/ Valentine C. Darker*
DARKER LAW, PLLC
By: Valentine C. Darker
Tennessee Bar No. 027174
1470 Monroe Ave.
Memphis, TN 38104
Tel: 901-672-7080
Email: lawoffice@darkerlaw.com

*/s/ Jenny Nguyen*
NGUYEN & PHAM, LLC
By: Jenny Nguyen*
Georgia Bar No. 756729
5430 Jimmy Carter Blvd, Ste. 202
Norcross, GA 30093
Tel: 770-685-7561
Email: immigration@npattorney.com

ATTORNEYS FOR PLAINTIFFS

*Motion for Admission Pro Hac Vice to be promptly filed.